# United States District Court
## Central District of California
### Western Division

INNOVATIVE SPORTS
MANAGEMENT, INC., d.b.a.
INTEGRATED SPORTS MEDIA,

          Plaintiff,

    v.

MARCO ARELLANO, d.b.a. EL
CRIOLLO PERUVIAN CUISINE,

          Defendants.

CV 22-06231 TJH (PLAx)

### Order
### and
### Judgment
### JS-6

      The Court has considered the motion for default judgment [dkt. # 17] and motion to dismiss [dkt. # 18] filed by Plaintiff Innovative Sports Management, Inc., d.b.a. Integrated Sports Media ["Innovative"], together with the moving papers.

      Innovative holds the exclusive United States commercial distribution rights to the *Peru v. Uruguay Soccer Match* ["the Soccer Match"], which was broadcasted nationwide on September 2, 2021.

      On September 1, 2022, Innovative filed this action, alleging that Defendant Marco Arellano displayed, without a license, the Soccer Match at El Criollo Peruvian Cuisine ["El Criollo""]. Innovative alleged that Arellano was the owner and/or operator of El

Criollo, and that he directed or permitted El Criollo's employees to display the Soccer Match or that he displayed the Soccer Match himself. Innovative alleged the following claims: (1) Unauthorized interception of satellite communications, in violation of 47 U.S.C. § 605; (2) Unauthorized reception of cable communications, in violation of 47 U.S.C § 553; (3) Conversion; and (4) Violation of California's unfair competition law ["UCL"], Cal. Bus. and Prof. Code § 17200, *et seq*. Arellano has never participated in this action. On December 7, 2022, the Clerk of Court entered his default.

Innovative, now, moves for default judgment against Arellano as to its conversion and UCL claims, and, to dismiss its remaining claims.

**Default Judgment**

When reviewing a motion for default judgment, the Court must consider the following factors: (1) The possibility of prejudice to Innovative; (2) The merits of Innovative's claims; (3) The sufficiency of the Complaint; (4) The sum of money at stake; (5) The possibility of dispute concerning the material facts; (6) Whether Arellano's default was due to excusable neglect; and (7) The federal policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Regarding the first factor, the possibility of prejudice to Innovative is high because if this motion is denied, Innovative will have no alternative recourse for its claims. *See Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005) (citing *Eitel*, 782 F.2d at 1471-72).

Regarding the second and third factors, the Court must accept the factual allegations in the Complaint regarding liability as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). As to the conversion claim, Innovative must satisfy the following three elements: (1) That Innovative owned or had the right to possess the Soccer Match; (2) Wrongful disposition of Innovative's property right by Arellano; and (3) Damages. *See Tyrone Pac. Intern. Inc. v. MV Eurychilli*, 658 F.2d 664, 666 (9th Cir. 1981) (citing *Hartford Fin. Corp. v. Burns*, 96 Cal. App. 3d 591, 598 (1979).

1   Innovative alleged that it owned the exclusive distribution rights to the Soccer
2   Match; that Arellano owned and/or operated El Criollo; that Arellano personally displayed
3   the Soccer Match or permitted employees to do so; that Arellano had the right and ability
4   to supervise the activities of El Criollo; and that Arellano did not have a license from
5   Innovative to broadcast the Soccer Match.  Finally, Innovative alleged that it suffered
6   financial harm.  Accordingly, Innovative successfully alleged a *prima facie* case for
7   conversion.

8   As to the UCL claim, because the UCL provides only equitable remedies, the Court
9   must, before granting default judgment, determine whether it has equitable jurisdiction to
10  hear the claim.  *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022).  To
11  invoke the Court's equitable jurisdiction, a plaintiff must plead that it lacks an adequate
12  legal remedy for its alleged harm.  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844
13  (9th Cir. 2020).  Here, Innovative did not plead that it lacked an adequate legal remedy,
14  nor could it do so, since its claim for conversion is based on the same factual allegations
15  and is centered on the same alleged harm as its UCL claim.  Further, the conversion claim
16  provides for damages, a legal remedy designed to adequately compensate it for its
17  property-related loss.  *See* Cal. Civ. Code § 3336.  Accordingly, the Court lacks equitable
18  jurisdiction over Innovative's UCL claim, and the UCL claim will be dismissed without
19  prejudice.  *See Guzman*, 49 F.4th at 1314.

20  Regarding the fourth factor, Innovative requested $750.00 in compensatory damages
21  for its conversion claim.  The proper measure of compensatory damages is the value of
22  the converted property.  Cal. Civ. Code § 3336.  Because Innovative sufficiently alleged
23  liability, and that it was harmed, it established entitlement to compensatory damages.
24  However, the Court cannot assume that Innovative is entitled to the compensatory damages
25  it requested; Innovative must establish its compensatory damages with evidence.  *Geddes*,
26  559 F.2d at 560.  The damages award is discussed below.

27  Regarding the fifth factor, there is little possibility of a dispute concerning the
28  material facts of this case.  The Court must accept the factual allegations in the Complaint

as true, and Arellano failed to oppose this motion.  *See Geddes*, 559 F.2d at 560.

Regarding the sixth factor, it is unlikely that Arellano's inaction was due to excusable neglect.  He has never participated in this action.

Regarding the seventh factor, although federal policy favors decisions on the merits, all other Eitel factors weigh in favor of granting default judgment.

**Damages**

Innovative must show, with evidence, that it is entitled to the amount of damages that it seeks.  *See Geddes*, 559 F.2d at 560.  Innovative provided affidavits from investigators Mario Galvez and John Valentino, stating that they visited El Criollo, at different times, on September 2, 2021.  Galvez observed the Soccer Match playing on six televisions and one large projector, and estimated that El Criollo's capacity was 50 people.  Valentino, also, observed six televisions and a large projector at El Criollo, but he did not specify how may screens were displaying the Soccer Match.  Valentino estimated El Criollo's capacity to be between 30 and 50 people.

Innovative, also, submitted an affidavit from its president, Doug Jacobs, which set forth the licensing fee schedule for the Soccer Match.  For a venue with a capacity of either 30 or 50 people, the licensing fee was $750.00.  Consequently, Innovative established its compensatory damages of $750.00.

**Costs**

Innovative requested 14 days, post-judgment, to submit its bill of costs.  Costs will be awarded by the Clerk of Court pursuant to 28 U.S.C. § 1920.

**Dismissal of Remaining Claims**

Federal Rule of Civil Procedure 15(a) is the appropriate vehicle to withdraw an individual claim.  *See, e.g., Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 697-88 (9th Cir. 2005).  Under Fed. R. Civ. P. 15(a)(2), Innovative may

amend the Complaint with the opposing party's consent or leave of Court. Here, Innovative moved to dismiss its claims arising under 47 U.S.C. § 605 and 47 U.S.C. § 553. There is no reason for the Court to deny leave.

Accordingly,

It is Ordered that the motion for default judgment be, and hereby is, Granted as to the conversion claim.

It is further Ordered that the remaining claims be, and hereby are, Dismissed.

It is further Ordered, Adjudged, and Decreed that judgment be, and hereby is, Entered in favor of Plaintiff Innovative Sports Management, Inc., d.b.a. Integrated Sports Media, and against Defendant Marco Arellano, d.b.a. El Criollo Peruvian Cuisine, in the amount of $750.00.

It is further Ordered that Innovative may submit a Bill of Costs to the Clerk of Court within 14 days of this Order and Judgment.

Date: April 24, 2023

Terry J. Hatter, Jr.
Senior United States District Judge